THOMAS CURLEY *vs.* JOHN P. SQUIRE.

Middlesex.   Jan. 20. — May 6, 1886.   DEVENS, HOLMES, & GARDNER, JJ., absent.

A list of claims disallowed at a meeting of the creditors of an insolvent debtor, made and certified by the register of insolvency, is a sufficient record of the disallowance to enable a creditor, whose claim is contained in the list, to appeal from the decision disallowing it.

APPEAL from a decision of the Court of Insolvency, disallowing the claim of the appellant against an insolvent estate. Trial in the Superior Court, without a jury, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

The only evidence of the disallowance of the appellant's claim was a list of claims disallowed at a certain meeting of creditors of the insolvent, which contained the claim in question, made and certified by the register of insolvency.

The judge ruled that there was no sufficient evidence of a decree by the Court of Insolvency disallowing the appellant's claim, from which an appeal could be taken; that there should have been some evidence of a record of a decree made by the judge of

said court disallowing this claim; and that the record and evidence of the disallowance on file did not show such decree.

The appellant called the register of the Court of Insolvency as a witness, and offered to prove that the record of that court relative to the disallowance of the appellant's claim filed in this case is the whole record of that court relating to such disallowance; that it is not the practice of that court to make a special decree on each claim of the allowance or disallowance of the same; that it is the custom and practice of the judge, when claims are presented at the meeting of creditors, to declare that they are allowed or disallowed, as the case may be, and the register of the court makes up and certifies a list of the claims allowed, and, when any are disallowed, enters them on the same list as disallowed, the same as in the list of claims allowed and disallowed filed in this case; that the declaration of allowance or disallowance is made and stated verbally by the judge to the register, or, in case there are a number of claims at one time, the judge makes a pencil memorandum " All'd " or " Disall'd," as the case may be, to signify his decision to the register, and to enable him to make up his certified list; and that the docket in the Court of Insolvency is simply a reference to the papers on file by their numbers.

The judge ruled that the evidence offered was inadmissible; and dismissed the appeal.    The appellant alleged exceptions.

*F. S. Hesseltine & T. Curley*, for the appellant.

*B. F. Butler & J. P. Wyman, Jr.*, for the appellee.

C. ALLEN, J.   The only evidence that the appellant's claim was disallowed was a list of claims disallowed at a certain meeting of creditors, which list contained the claim in controversy, and was made and certified by the register of insolvency.   It is contended that this was not sufficient.   So far as we are aware, it has never been the custom in this State to prepare a formal decree of disallowance; but we believe the usual and convenient practice is to number and file the creditor's oath with an indorsement upon it " Disallowed," and to enter upon the docket that the claim so numbered is disallowed, as well as to make and certify the list of claims disallowed.   But we do not think these additional matters so material, that the creditor should be cut off from his appeal for want of them.   When claims are allowed,

the judge is to " cause a list thereof to be made and certified by the register ; " and the assignee may appeal. Pub. Sts. c. 157, §§ 34, 36. No further record is provided for in express terms, either in the case of the allowance or of the disallowance of. claims. In the analogous case of the insolvent estates of deceased persons, if the Probate Court itself receives and examines the proof of claims, instead of appointing commissioners, the statute provides that it shall " cause a list of all claims presented for proof, with the amount allowed or disallowed on each claim, to be made and certified by the register." Pub. Sts. c. 137, § 4. In both of these instances, the certified list appears to be the peculiar record contemplated by the statutes. We are of opinion that the list attested by the register was a sufficient record of the disallowance of the appellant's claim to enable him to appeal.                                        *Exceptions sustained.*